IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER,<br><br>        Plaintiff,<br><br>vs.<br><br>WASHINGTON, Omaha Police Officer; and JOHN DOE, OPD Officer,<br><br>        Defendants. | **4:20CV3111**<br><br>**MEMORANDUM AND ORDER** |

    Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

    Plaintiff sues two Omaha police officers for "apprehending" and "detaining" him in traffic without a warrant or probable cause. Plaintiff claims when he was stopped by the officers, his seatbelt and belt were unbuckled due to "serious gastrointestinal diverticulitis," so when the officers "rousted" him from his vehicle and handcuffed him, he was "unable to secure pants and stood in traffic pants to knees exposed to world." (Filing 1 at CM/ECF p. 2.) Plaintiff claims Officer Washington kept insisting there were weapons in Plaintiff's car, but Plaintiff was apparently released and not charged with a crime. Plaintiff requests $10 million in damages for his unlawful arrest.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Plaintiff's Claims

Plaintiff complains about both an unlawful traffic stop and an unlawful arrest. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Because a traffic stop is a seizure under the Fourth

2

Amendment, it must be supported by reasonable suspicion or probable cause." *Garcia v. City of New Hope*, 984 F.3d 655, 663 (8th Cir. 2021) (internal quotation marks and citation omitted). "A traffic stop is constitutionally reasonable where the police have probable cause to believe that a traffic violation has occurred. Explained another way, any traffic violation, even a minor one, gives an officer probable cause to stop the violator, and therefore, any ulterior motivation on the officer's part is irrelevant." *Id.* (internal quotation marks and citations omitted). The existence of probable cause "depends upon the reasonable conclusion to be drawn from the facts known to the officer at the time." *Id.* (internal quotation marks and citations omitted).

As to warrantless arrests, "[t]he Fourth Amendment . . . requires that an officer have probable cause before making a warrantless arrest. Probable cause exists when a police officer has reasonably trustworthy information that is sufficient to lead a person of reasonable caution to believe that the suspect has committed or is committing a crime." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (internal citation omitted). "Absent probable cause, a warrantless arrest may support a claim under § 1983. With probable cause, however, a police officer may lawfully arrest an individual on felony charges, even without the benefit of a warrant." *Kiser v. City of Huron*, 219 F.3d 814, 815 (8th Cir. 2000) (internal citation omitted).

## B. Capacity

Because Plaintiff does not specify the capacity in which the Defendant City of Omaha police officers are sued, the court must construe the Complaint as asserting claims against Defendants in their official capacities only which, in effect, are claims against the officers' employing municipality, the City of Omaha. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit

3

against a public employee in his or her official capacity is merely a suit against the public employer." (internal citations omitted)); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)).

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against the county, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation."

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiff's allegations against the Defendant police officers—which are in reality a claim against the City of Omaha—fail to state a claim upon which relief can be granted because Plaintiff does not allege that a policy or custom of a government entity caused the violation of his constitutional rights. However, the court shall grant Plaintiff leave to file an amended complaint to make such factual allegations, if such allegations can be truthfully and plausibly alleged.

## C.  Unknown Defendants

Plaintiff names one Defendant by his last name only and the other Defendant as "John Doe." "It is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). In filing an amended complaint, Plaintiff shall make every reasonable effort to name the Defendants by first and last name in order to facilitate service of summons.

## IV.  CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to immediate dismissal under 28 U.S.C. § 1915(e)(2). However, the court on its own motion will give Plaintiff 30 days in which to file an amended complaint. If an amended complaint is not filed within 30 days, this action will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days in which to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within 30 days will result in the court dismissing this case without prejudice, and without further notice to Plaintiff.

2. If Plaintiff files an amended complaint, he shall restate the allegations of the Complaint and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. In filing an amended complaint, Plaintiff shall make every reasonable effort to name the Defendants by first and last name in order to facilitate service of summons.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

5. The Clerk of the Court is directed to set the following pro se case management deadline: **March 22, 2021**—amended complaint due.

DATED this 19th day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

6